IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CASSANDRA JOHNSON, :
: 
    Plaintiff :
: CIVIL ACTION
v. : NO. 04-1450 (JJF)
:
WAL-MART STORES, INC., :
:
    Defendant. :

---

**REPLY BRIEF OF DEFENDANT WAL-MART STORES,
INC. IN FURTHER SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT**

---

 

William M. Kelleher (#3961)
Ballard Spahr Andrews & Ingersoll, LLP
919 Market Street, 12th Floor
Wilmington, DE 19801
(302) 252-4460

OF COUNSEL:
David S. Fryman
Farrah I. Gold
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500

DMEAST #9401819 v2

## TABLE OF CONTENTS

**Page**

A. Plaintiff Cannot Establish That She Received Lower Wages for Work which was Substantially Equal in Terms of Skill, Effort, and Responsibility under Similar Working Conditions. .................................................. 2

B. Plaintiff's Disparate Treatment Claim Fails as a Matter of Law. ........................... 5

C. Plaintiff Failed to Exhaust Her Administrative Remedies. ..................................... 6

D. Plaintiff Cannot Establish A *Prima Facie* Case of Harassment. ............................ 7

    1. Plaintiff Cannot Demonstrate That She Suffered Harassment Because of Her Gender. ............................................................................... 7

    2. Plaintiff Cannot Establish That The Alleged Conduct Was Severe or Pervasive. ...................................................................................... 9

E. Plaintiff's Retaliation Claim Fails as a Matter of Law. ......................................... 10

    1. Plaintiff Has Not Alleged An Adverse Employment Action. .................... 10

    2. Plaintiff Cannot Establish A Causal Connection Between Her Charge of Discrimination and The Alleged Harassment. .......................... 11

F. Conclusion ............................................................................................................. 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Andrews v. City of Philadelphia*, 895 F.2d 1469 (3d Cir. 1990) ...........................................8

*Burlington Industrial, Inc. v. Ellerth*, 524 U.S. 724 (1998)................................................10

*Calloway v. E. I. DuPont de Nemours*, No. *98-669-SLR*, 2000 U.S. Dist. LEXIS 12642 (D. Del. Aug. 8, 2000), aff'd, 29 Fed. Appx. 100 (3d Cir. 2002) ...............10, 11

*Drinkwater v. Union Carbide Corporation*, 904 F.2d 853 (3d Cir. 1990) ...........................9

*Ebert v. Office of Information Systems*, No. *97-530-SLR*, 1998 U.S. Dist. LEXIS 9100 (D. Del. June 12, 1998).................................................................................................6

*Faragher v. Boca Raton*, 524 U.S. 775 (1998) ...................................................................10

*Hackman v. Valley Fair*, 932 F.2d 239 (3d Cir. 1991) ........................................................8

*International Union of Electrical, Radio and Machine Workers v. Westinghouse Electric*, 631 F.2d 1094 (3d Cir. 1980)..............................................................................2

*J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245 (1st Cir. 1996) ..................................................................................................................4

*Krouse v. American Sterilizer Company*, 126 F.3d 494 (3d Cir. 1997)..............................11

*Sarko v. Penn-Del Directory Company*, 968 F. Supp. 1026 (E.D. Pa. 1997), aff'd, 189 F.3d 464 (3d Cir. 1999) ...........................................................................................4

*Seldomridge v. Uni-Marts, Inc.*, No. *99-496-GMS*, 2001 U.S. Dist. LEXIS 9491.............9

*Van Heest v. McNeilab, Inc.*, 624 F. Supp. 891 (D. Del. 1985) ...................................2, 3, 4

*Weston v. Commonwealth of Pennsylvania*, 251 F.3d 420 (3d Cir. 2001) ........................10

In her Response to the Motion for Summary Judgment of Wal-Mart Stores, Inc. ("Wal-Mart"), Plaintiff Cassandra Johnson fails to raise any genuine issue of material fact to support her claims that Wal-Mart discriminated against her and/or harassed her on the basis of her gender or that it retaliated against her because she filed a charge a discrimination. In an attempt to rescue her legally deficient claims, Plaintiff: (1) equates the wholly distinct positions of tire cashier and tire technician, while admitting that she does not hold, nor desire, the tire technician position; (2) claims that she was singled out for jokes by her team leader, John Revis, while admitting that Mr. Revis similarly joked with men in the department; and (3) attempts to transform her retaliation claim into a retaliatory harassment claim, while admitting that Mr. Revis, the alleged harasser, did not know about her charge of discrimination.

Try as she now might to change and embellish her allegations with an affidavit, the record evidence clearly establishes that Wal-Mart did not: (1) pay Plaintiff lower wages than her male counterparts for substantially equal work; (2) harass her on the basis of sex; or (3) retaliate against her for complaining of discrimination. In short, this case is ripe for summary judgment. Wal-Mart addresses Plaintiff's new, unfounded, and/or irrelevant allegations in turn below.

A.  **Plaintiff Cannot Establish That She Received Lower Wages for Work which was Substantially Equal in Terms of Skill, Effort, and Responsibility under Similar Working Conditions.**

Plaintiff plays fast and loose with the standard required to establish a claim under the Equal Pay Act. Plaintiff initially admits that she "must show she performed a job *equal to* a job performed by one or more males." Van Heest v. McNeilab, Inc., 624 F. Supp. 891, 897 (D. Del. 1985) (emphasis added). Later in her Response, however, Plaintiff attempts to revise the standard as requiring only that her job be "*substantially similar*" to that of her male co-workers, citing International Union of Electrical, Radio and Machine Workers v. Westinghouse Electric for this proposition. (Response at 11 (citing 631 F.2d 1094 (3d Cir. 1980)). International Union did not sanction such a standard under the Equal Pay Act, but rather, interpreted the limits of Title VII. 631 F.2d 1094. Thus, it is clear that Plaintiff must demonstrate substantial identity, not similarity, of job functions to establish an Equal Pay Act Claim.

Indeed, Van Heest, on which Plaintiff relies, demonstrates that Plaintiff cannot meet this standard. In that case, the plaintiff performed a variety of duties, including payroll, accounting, bookkeeping, and general secretarial duties. Additionally, the plaintiff performed many of the functions of a purchasing agent. The company then asked the plaintiff to assume the position of Controlled Substance Officer ("CSO"), which involved monitoring controlled substances. Id. The plaintiff assumed those duties and continued to perform the purchasing duties as she previously had. The plaintiff subsequently had to leave the company, at which time the company decided to hire two males to replace her, a purchasing manager and CSO. The plaintiff argued that her job was substantially equal to the purchasing manager and CSO, each of whom earned a higher rate of pay than the plaintiff. The court disagreed. The court stated that the "clearest evidence" that plaintiff's job was not substantially equivalent to that of the purchasing manager was the fact that the purchasing manager performed his duties full time,

while the plaintiff performed purchasing duties in addition to her other responsibilities." Id. at 898. The court found that the plaintiff's job was closer to that of the CSO, as she helped to create that position and to establish procedures followed by the new CSO. Id. Nonetheless, the court determined that her position was not substantially equivalent, finding that "[w]hile it may be true, as plaintiff alleges, that her job required greater skill and effort because she had to prepare the plant for initial production and establish procedures, that does not prove job equality but only that their jobs were ***different***." Id. (emphasis added). The court granted summary judgment to the employer, holding that the plaintiff's Equal Pay Act claim could not survive without a comparison to a male employee who performed the same job that she performed. Id. at 898.

Likewise, it is clear that the tire cashier and tire technician positions at issue here are different. (Wal-Mart's Motion for Summary Judgment ("MSJ") at 3-4, 14-15). In a desperate attempt to create an issue of fact, Plaintiff attempts to blur the distinction between a tire technician and tire cashier by claiming that she ***can*** perform tire technician functions. Specifically, Plaintiff claims that she counts and stocks tires, pulls down tires, and at times goes out to the shop to determine the type of tire a customer may require. (Response at 12). These functions, however, are not substantially equal to mounting and stocking tires every day, all day. In fact, Plaintiff admits that, at most, she ***assists*** the tire technicians two to three times a week ***when no one else is available***. (Id.) (emphasis added). Further, at her deposition, Plaintiff admitted that although she is trained to work on the cars, she does not "do the physical labor on the car every day." (Plaintiff's Dep. at 18-19). Indeed, when asked whether she would do the physical labor on the car when she went back to help, Plaintiff answered, "***[i]t depends.*** If he's got a car and there's a tire on the rim that needs to be mounted, I ***can*** do that." (Plaintiff's Dep.

at 19) (emphasis added). Thus, Plaintiff admitted that even on the occasions when she assisted the tire technicians, she still was not necessarily performing the physical labor demanded of a tire technician. (Id.). As set forth in Van Heest, this is insufficient to establish that the jobs are substantially equal.

Furthermore, when asked at her deposition, Plaintiff explicitly admitted that she has not applied for, and does not want, the different and distinct tire technician position:

> Q: Now, have you ever expressed a desire to become a full-time tire technician?
>
> A: No.
>
> Q: So you've never applied for that position?
>
> A: No.

(Plaintiff's Dep., attached to MSJ as Ex. A, at 74). Plaintiff cannot request to be paid in accordance with a job she did not want. In sum, the undisputed fact remains that Plaintiff is not, never expressed a desire to become, and has not applied for the position of, a tire technician.

Plaintiff also claims that Wal-Mart violated the Equal Pay Act because she did not receive the same merit increases as her male co-workers. Plaintiff, however, simply speculates that managers "could have easily, and may well have," evaluated her in a discriminatory fashion. (Response at 14). Plaintiff cannot create an issue of fact based on pure speculation. See Sarko v. Penn-Del Directory Co., 968 F. Supp. 1026, 1031 (E.D. Pa. 1997) (citation omitted), aff'd, 189 F.3d 464 (3d Cir. 1999) (determining that the non-movant cannot escape summary judgment by introducing "a mere scintilla of evidence" in her favor); J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc., 76 F.3d 1245, 1251 (1st Cir. 1996) (finding that a plaintiff cannot avoid summary judgment by relying on "conclusory allegations, improbable inferences, and unsupported speculation[.]").

In point of fact, Plaintiff did not contest her evaluations, but rather, signed each one. (See Plaintiff's Evaluations, attached to MSJ as Exs. G-L, N-P). Further, Plaintiff does not, and cannot, refute that the evaluations of her co-workers were deserved or that those evaluations at times warranted a merit increase. Plaintiff baldly claims that she asked for a merit increase but did not receive one. (Response at 14). Amazingly, Plaintiff does not even claim that her performance merited the merit increase. Plaintiff's own belief that she deserved a merit increase simply because she wanted to earn more money does not create a genuine issue of material fact that precludes summary judgment.

### B.  Plaintiff's Disparate Treatment Claim Fails as a Matter of Law.[1]

Plaintiff's sole attempt to salvage her deficient Title VII claim is an allegation that Wal-Mart provided incomplete compensation records for its employees, pointing only to Kevin Rash as an example. Plaintiff's allegation is simply untrue. Indeed, Wal-Mart provided to Plaintiff, and attached to its summary judgment motion, all pay records requested by Plaintiff, including the evaluations of Mr. Rash from 1997 through 2004, which reflect all of his pay increases. (Evaluations of Kevin Rash, attached to MSJ as Ex. V). Plaintiff cannot create an issue of material fact based on her own baseless speculation that there could be others who were compensated at a higher rate than she. Her Title VII claim fails as a matter of law.

---

[1] Although contained within her harassment claim, Plaintiff suggests that the fact that she was the only female in the department is evidence of disparate treatment. (Response at 6, 23). The fact that Plaintiff was the only female is completely irrelevant, as she does not identify a single female who applied for but did not receive a position in the tire department. Moreover, with respect to the tire technician position, Plaintiff admits that she did not want that position.

### C. **Plaintiff Failed to Exhaust Her Administrative Remedies.**

Plaintiff cannot overcome the fact that she failed to exhaust her administrative remedies with respect to both her hostile work environment and retaliation claims. Plaintiff ignores the fact that she did not administratively exhaust her retaliation claim and relies on <u>Ebert v. Office of Information Systems</u> to support her contention that her hostile work environment claim was reasonably encompassed in her charge of discrimination. No. 97-530-SLR, 1998 U.S. Dist. LEXIS 9100 (D. Del. June 12, 1998). <u>Ebert</u>, however, illustrates the precise reason that Plaintiff's hostile work environment claim does not arise out of her charge of discrimination. <u>Id.</u>

In <u>Ebert</u>, the court explained that "courts have heard claims not specifically mentioned in the prior EEOC charge where there was a close nexus between the facts supporting the claims raised in the charge and those in the complaint." <u>Id.</u> at 14. In <u>Ebert</u>, the charge filed with the EEOC alleged continuing gender discrimination and retaliation. <u>Id.</u> at 14-15. In her federal court complaint, the plaintiff also included hostile work environment and failure to promote claims, which the plaintiff claimed were encompassed within her charge. <u>Id.</u> at 15. The court determined that the hostile work environment claim fell within the scope of the charge because there was a close nexus between the facts of her claims of gender discrimination and retaliation and her hostile work environment claim. <u>Id.</u> On the other hand, the court determined that the plaintiff's failure to promote claim did not fall within the scope of her charge or a reasonable investigation of the charge. <u>Id.</u> The court explained that the occurrences of the failure to promote were distinct incidents from those of alleged gender discrimination and retaliation. <u>Id.</u> at 18.

Plaintiff's hostile work environment claim in this case is no different than the plaintiff's failure to promote claim in <u>Ebert</u>. It is clear that the facts related to Plaintiff's Equal Pay Act claim are wholly distinct from her hostile work environment claim. Here, Plaintiff's

charge of discrimination against Wal-Mart did not contain any allegations of sexual or sex-based harassment. Nor could these claims be surmised from Plaintiff's charge, which contains allegations related only to disparate pay, and mentions absolutely nothing of the wholly distinct allegations regarding Mr. Revis' conduct. As set forth in Wal-Mart's motion for summary judgment, in the portion of Plaintiff's EEOC Affidavit in which she is asked to explain her "personal harm" -- and under which the EEOC explicitly provides that sexual harassment is an example of the type of harm that a complainant may suffer -- Plaintiff did not even mention Mr. Revis. (EEOC Affidavit, attached to MSJ as Ex. Y). Rather, Plaintiff wrote, "[n]ot being paid the same as my male co-workers." (Id.). Thus, it is clear that the EEOC would not have investigated Plaintiff's harassment claim.

Further, as stated in Wal-Mart's motion for summary judgment, Plaintiff cannot escape the fact that she did not file a subsequent charge of discrimination to administratively exhaust her retaliation claim. Thus, her retaliation claim also fails as a matter of law.

### D.   Plaintiff Cannot Establish A *Prima Facie* Case of Harassment.

1.   Plaintiff Cannot Demonstrate That She Suffered Harassment Because of Her Gender.

Even if Plaintiff had exhausted her administrative remedies with respect to her harassment claim, she cannot even establish the threshold requirement of the *prima facie* case -- that she suffered discrimination because of her gender.

Plaintiff admitted at her deposition that Mr. Revis did not make a single comment to her based on her sex. (Plaintiff's Dep. at 27, 44, 83). Even in her eleventh-hour affidavit, Plaintiff can only recollect two specific comments made to her by Mr. Revis -- that he referred to her as a big bear and sarcastically called her "The Genius" -- neither of which relate to Plaintiff's

sex. (Plaintiff's Dep. at 26; Plaintiff's Aff. at ¶¶ 3, 4).[2] Indeed, Plaintiff does not, and cannot, refute, that Mr. Revis made the "big bear" comment in the context of a conversation in which he made the same type of comments about himself and other males in the department -- he was compared to a sea lion and two other male employees were compared to Tweety Bird and a lion. (Revis Dep., attached to MSJ as Ex. R, at 30-33). Plaintiff's suggestion that the bear comparison is somehow gender based or offensive while the references to the sea lion and Tweety Bird are not is absurd. Quite simply, Plaintiff's baseless distinction certainly does not create an issue of fact.

Scrambling for a gender-based angle, Plaintiff also alleges that Mr. Revis singled her out for jokes. (Response at 20). Yet, Plaintiff has not produced a shred of evidence in support of this allegation. By stark contrast, Plaintiff admitted at her deposition that Mr. Revis made jokes to men in the department, inexplicably claiming that the jokes Mr. Revis made to her were based on gender because she does not "remember anybody being upset over him saying, you know, any type of joke to them." (Plaintiff's Dep. at 56, 57).

Accordingly, Plaintiff's reliance on Andrews v. City of Philadelphia is inapposite. 895 F.2d 1469 (3d Cir. 1990). Indeed, Andrews required a determination that the plaintiffs were subjected to intimidation and hostility because they were women. See id. Plaintiff here cannot make such a showing.

---

[2] In fact, as Plaintiff provides no explanation for the transformation of her allegations, the Court should disregard plaintiff's affidavit. Hackman v. Valley Fair, 932 F.2d 239, 241 (3d Cir. 1991) ("When, without a satisfactory explanation, a nonmovant's affidavit contradicts earlier deposition testimony, the district court may disregard the affidavit in determining whether a genuine issue of material fact exists."). Assuming, arguendo, that the alleged picture incident (MSJ at 10) is gender based, as noted below, this is insufficient to rise to the level of severe or pervasive conduct necessary to establish her claim.

It is clear that, even if Mr. Revis' teasing offended Plaintiff, such teasing is not actionable. Indeed, in Seldomridge v. Uni-Marts, Inc., this court explained that "[w]hile sexual overtones are not necessary to show discrimination because of the plaintiff's sex, the offending conduct must nonetheless be motivated by a plaintiff's sex or gender." No. 99-496-GMS, 2001 U.S. Dist. LEXIS 9491, at * 30-31 (D. Del. July 10, 2001) (citations omitted). The court further noted that "Title VII is not a general civility code. . . . or a shield against harsh treatment in the workplace; it protects only in instances of harshness disparately distributed. Id. (citations omitted). Id. The court held that the plaintiff could not establish that the alleged conduct, which included teasing and comments from a co-worker and customers, was motivated by sex or gender. Id.

Because Plaintiff cannot demonstrate that Mr. Revis' comments or jokes were motivated by her gender, her harassment claim fails as a matter of law.

### 2. Plaintiff Cannot Establish That The Alleged Conduct Was Severe or Pervasive.

While Plaintiff claims that she was unable to identify specific instances of harassment at her deposition because she was "under pressure" at that time, even in her self-serving affidavit, Plaintiff has identified only two isolated comments and the alleged picture incident to support her claim of harassment. (Response at 23; Aff. at ¶¶ 3-5). These three alleged incidents certainly do not rise to the level of severe or pervasive conduct necessary to establish her claim. See, e.g., Drinkwater v. Union Carbide Corp., 904 F.2d 853, 863 (3d Cir. 1990) ("[h]ostile environment claims must demonstrate a continuous period of harassment, and two comments do not create an atmosphere"); (See also MSJ at 21-22).³

---

³ As plaintiff cannot meet the standard for a *prima facie* case of harassment, Wal-Mart does not address the remaining requisite elements. Wal-Mart, however, notes that plaintiff's contention
(continued...)

### E.     Plaintiff's Retaliation Claim Fails as a Matter of Law.

Even if Plaintiff could establish that she exhausted her administrative remedies with respect to her retaliation claim, which she does not even argue, it is clear that Plaintiff is unable to rescue her retaliation claim. Plaintiff now claims that the harassment suffered at the hands of Mr. Revis, which is the foundation of her hostile work environment claim, is also the basis for her retaliation claim. (Response at 29-30). Plaintiff's attempt to take a second bite at the apple is not only futile, but completely disingenuous.

The alleged harassment cannot form the basis for both her harassment and retaliation claims. Specifically, Plaintiff's alleged harassment is insufficient to demonstrate: (1) that she suffered an adverse employment action; or (2) a causal link exists between the allegedly adverse employment action and her protected activity.

#### 1.     Plaintiff Has Not Alleged An Adverse Employment Action.

As set forth in Wal-Mart's motion for summary judgment, the Supreme Court has defined an adverse employment action as "a significant change in employment status, such as hiring firing, failing to promote, reassignment, or a decision causing a significant change in benefits." See Burlington Indus., Inc. v. Ellerth, 524 U.S. 724, 761 (1998); Weston v. Commonwealth of Penn., 251 F.3d 420, 430-31 (3d Cir. 2001). In Calloway v. E.I. duPont de Nemours, the court noted that "for the most part, the acts that plaintiff identifie[d] as retaliatory [were] the same as those she claim[ed] constitute[d] harassment." No. 98-669-SLR, 2000 U.S.

---

(...continued)
that it did not take prompt remedial action pursuant to Faragher v. Boca Raton, is contrary to the record evidence. Specifically, after plaintiff complained about the "big bear" comment, Wal-Mart coached Mr. Revis and required him to apologize to plaintiff. (Plaintiff's Dep. at 41). Moreover, after the alleged picture incident, Mr. Revis was demoted. (Stone Dep., attached to MSJ as Ex. E, at 6-7; Revis Dep., at 17-19, 23). Thus, Wal-Mart certainly can establish that it took prompt remedial measures in accordance with Faragher. See 524 U.S. 775 (1998).

Dist. LEXIS 12642, at *30 (D. Del. Aug. 8, 2000), aff'd, 29 Fed. Appx. 100 (3d Cir. 2002). The court thus determined that her alleged harassment was insufficient to qualify as retaliation under Title VII. Id. Specifically, the court held "[a]s the Third Circuit has noted, not everything that makes an employee unhappy qualifies as retaliation, for otherwise, minor and even trivial employment actions that an irritable chip-on-the-shoulder employee did not like would form the basis of a discrimination suit." Id. (citations omitted).

Similarly, Plaintiff has not alleged any significant change in employment status to support her claim of retaliation. Thus, Plaintiff's claim fails as a matter of law.

2. Plaintiff Cannot Establish A Causal Connection Between Her Charge of Discrimination and The Alleged Harassment.

Further, even if Plaintiff could establish that she suffered an adverse employment action, Plaintiff cannot establish a causal connection between her charge of discrimination and the alleged harassment.

Despite Plaintiff's new allegation to the contrary, when asked at her deposition whether Mr. Revis joked with her because of her charge of discrimination, Plaintiff answered "***That's not what I'm saying***. I never told him that I filed a claim. As far as I knew, he didn't know that I filed a claim." (Plaintiff's Dep. at 83-84). Plaintiff's claim that Mr. Revis' comments intensified after she filed a claim or that his conduct "raises an inference that [his] comments were some form of punishment" (Response at 29-30), is preposterous. See, e.g., Krouse v. American Sterilizer Co., 126 F.3d 494, 505 (3d Cir. 1997) (finding no causal connection where the plaintiff had submitted no evidence that the persons allegedly engaging in the retaliatory conduct were aware of the plaintiff's protected activity).

12

### F. Conclusion

For all of the foregoing reasons, and those set forth in its initial brief, defendant Wal-Mart Stores, Inc. respectfully requests that its motion for summary judgment be granted and that judgment be entered in its favor and against Plaintiff on all counts of Plaintiff's Complaint.

Dated: December 21, 2005

_____
William M. Kelleher (#3961)
Ballard Spahr Andrews & Ingersoll, LLP
919 Market Street, 12th Floor
Wilmington, DE 19801
(302) 252-4460

Attorneys for Defendant
Wal-Mart Stores, Inc.

OF COUNSEL:
David S. Fryman
Farrah I. Gold
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215)665-8500