IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
CASSANDRA JOHNSON,              :
                                :
       Plaintiff,               :
                                :
   v.                           :   Civil Action No. 04-1450-JJF
                                :
WAL-MART STORES, INC.,          :
                                :
       Defendant.               :
```
William D. Fletcher, Jr., Esquire and Noel E. Primos, Esquire of SCHMITTINGER & RODRIGUEZ, P.A., Wilmington, Delaware.
Attorneys for Plaintiff.

William M. Kelleher, Esquire of
BALLARD, SPAHR, ANDREWS, & INGERSOLL, LLP, Wilmington, Delaware.
Of Counsel: David S. Fryman, Esquire and Farrah I. Gold, Esquire of BALLARD, SPAHR, ANDREWS, & INGERSOLL, LLP, Philadelphia, Pennsylvania.
Attorneys for Defendant.

**MEMORANDUM OPINION**

April 18, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is the Motion For Summary Judgment Of Defendant Wal-Mart Stores, Inc. (D.I. 29). For the reasons discussed the Motion will be denied.

## I. BACKGROUND

Plaintiff is a female and has been employed by Defendant's Sam's Club Division since September 1996. Plaintiff began her employment as a front-end cashier, and in 1999, she was promoted to a position in the membership and marketing department. In 2001, Plaintiff was moved to the tire department, where she worked as a tire cashier. In the tire department, she was trained as a tire technician, which qualifies her to change and mount tires. She is currently a sales associate in the tire department.

On November 15, 2004, after submitting a complaint to the Delaware Department of Labor ("DDOL") and Equal Employment Opportunity Commission ("EEOC"), Plaintiff filed a Complaint (D.I. 1), alleging violations of Title VII of the Civil Rights Act of 1964 and the Equal Pay Act. Specifically, Plaintiff alleges that she has been denied pay equal to male employees and merit raises because of her gender. Plaintiff further alleges that she has been subjected to a hostile work environment and that her supervisor has retaliated against her for filing discrimination complaints.

1

## II.  PARTIES' CONTENTIONS

By its Motion, Defendant contends that the Court should grant summary judgment in its favor on Plaintiff's unequal pay claims because Plaintiff compares her pay rate to employees with significantly different duties and because Defendant's failure to provide merit raises can be explained by Plaintiff's performance. As to Plaintiff's retaliation claim, Defendant contends that summary judgment is appropriate because Plaintiff failed to exhaust her administrative remedies, and Plaintiff did not suffer an adverse employment action.  Finally, Defendant contends that the Court should grant summary judgment in its favor on Plaintiff's hostile work environment claim because Plaintiff again failed to exhaust her administrative remedies and because Defendant's harassment was not pervasive and regular.

In response, Plaintiff contends that there are genuine issues of material fact and that summary judgment is inappropriate.  Plaintiff contends that she is trained as both a cashier and a tire technician, and often performs the duties of a tire technician.  Plaintiff further contends that Defendant has created a hostile work environment because her supervisor has made several derogatory comments regarding her weight and intelligence, about which she has informed upper management. Finally, Plaintiff contends that summary judgment should be denied on her retaliation claims because she was denied certain

hours and the harassment intensified after she filed her discrimination complaints.

### III. LEGAL STANDARD

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976). However, a court should not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). However, the mere

existence of some evidence in support of the nonmovant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmovant on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

**IV. DISCUSSION**

    A.    <u>Whether Defendant Is Entitled To Summary Judgment On Plaintiff's Claim That Defendant Violated Title VII Of The Civil Rights Act Of 1964 Through Gender Discrimination</u>

When considering claims under Title VII, a court must use the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this analysis, a plaintiff must first establish a prima facie case of discrimination. Green, 411 U.S. at 802. When a plaintiff's claim is for unequal pay, a plaintiff must demonstrate that "employees of the opposite sex were paid differently for performing... work of substantially equal skill, effort and responsibility, under similar working conditions." Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000) (citing E.E.O.C. v. Delaware Dept. Of Health and Social Servs., 865 F.2d 1408, 1413-14 (3d Cir. 1989)); Miller v. Beneficial Mgmt. Corp., 977 F.2d 834, 846 (3d Cir. 1992).

Once the plaintiff has established a prima facie case of discrimination, the burden shifts to the defendant. The defendant must "articulate some legitimate, nondiscriminatory reason" for its conduct. Green, 411 U.S. at 802. If the

4

defendant produces a sufficient reason for its actions, the burden shifts back to the plaintiff to demonstrate that the reasons articulated by the defendant are merely a pretext for discrimination. Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994). To defeat a motion for summary judgment, a plaintiff must point to some evidence from which the "factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Stanziale, 200 F.3d at 105.

Reviewing the evidence presented in this case in the light most favorable to Plaintiff, the Court concludes that a jury could reasonably find for Plaintiff on her Title VII claim. Plaintiff has put forth evidence that, while her job is not identical to that of the male employees, it is substantially similar. Plaintiff's evidence demonstrates that she received training to be a tire technician and that she is often required to inspect, retrieve, and install tires. Plaintiff has also proffered evidence that the males in the department receive higher salaries and are given raises at a faster rate than Plaintiff. One example of this evidence is a comparison of pay rates and raises for the years 1999 through 2003. In that time, some male employees received pay increases as high as $3.00 per

hour, while Plaintiff received an increase of $1.10.

Second, Defendant has met its "light burden" of establishing a legitimate, non-discriminatory reason for the differences in pay, specifically, that the pay rates and raises are based on three factors unrelated to gender.

In response, Plaintiff has offered evidence from which a jury could reasonably disbelieve Defendant's reason. Plaintiff, at times the only woman in the tire department, was allegedly singled out by her team leader for jokes and comments about her weight and intelligence. Plaintiff, unlike the men in her department, was allegedly required to report to the team leader whenever she took a lunch or bathroom break. According to Plaintiff, if she did not return in time, the team leader would call her name over the intercom. The same team leader would allegedly complain about Plaintiff's performance, thereby affecting the raises Plaintiff would receive. Plaintiff advised upper management and the home office of the alleged harassment, but there was no response to her complaints. On this record, the Court must deny Defendant's Motion For Summary Judgment as it relates to Plaintiff's Title VII claim.

    B.    <u>Whether Plaintiff Exhausted Her Remedies With Respect To Her Harassment And Retaliation Claims</u>

Title VII requires a claimant to file an administrative charge within 300 days of the claimed discriminatory event. 42 U.S.C. § 2000e-5. If a claimant does not follow this process, the claim is barred unless "the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." <u>Waiters v. Parsons</u>, 729 F.2d 233 (3d Cir. 1984). "This standard must be read in light of the 'sound and established policy that procedural technicalities should not be used to prevent Title VII claims from being decided on the merits.'" <u>Revis v. Slocomb Indus.</u>, 814 F. Supp. 1209, 1216 (D. Del. 1993) (quoting <u>Gooding v. Warner-Lambert Co.</u>, 744 F.2d 354, 358-59 (3d Cir. 1984)).

The Court concludes that Plaintiff's claims for harassment and retaliation are within the scope of the EEOC complaint and the investigation conducted. It is true that Plaintiff's Charge Of Discrimination, filed with the DDOL, and affidavit, filed with the EEOC, did not specifically mention claims for retaliation and harassment; however, in the Charge of Discrimination, Plaintiff noted the weight jokes made by her team leader. Also, the facts surrounding Plaintiff's harassment claim have a common factual nexus to Plaintiff's Title VII and Equal Pay Act claims. Finally, Plaintiff's retaliation claim stems from her complaints filed with the EEOC and DDOL. The Court is persuaded that such a

claim would surface in an investigation of Plaintiff's other claims. For these reasons, the Court will deny Defendant's Motion For Summary Judgment as it pertains to Plaintiff's failure to exhaust her administrative remedies.

    C.    <u>Whether Defendant Is Entitled To Summary Judgment On Plaintiff's Claim For A Hostile Work Environment</u>

In order to establish a prima facie claim for a hostile work environment, a plaintiff must show: (1) she suffered intentional discrimination because of her membership in a protected class; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected her; (4) such discrimination would have affected a reasonable person of the same protected class in that position; and (5) respondeat superior liability. <u>West v. Philadelphia Elec. Co.</u>, 45 F.3d 744, 753 (3d Cir. 1995).[1]

Reviewing the evidence in the light most favorable to Plaintiff, the Court concludes that a jury could reasonably find for Plaintiff on her hostile work environment claim. A jury could find that Plaintiff was singled out due to her gender, because she was the only woman in the department and because she was allegedly targeted for jokes while the men were not

---

[1] Generally, claims for hostile work environment and retaliation follow the same burden-shifting analysis as other Title VII claims. However, because Defendant only argues that Plaintiff has not established prima facie cases, the Court will only discuss whether Plaintiff survives summary judgment by establishing prima facie cases.

8

targeted.[2]  Additionally, Plaintiff has adduced evidence that there was a pattern of comments and jokes directed at her.  In this regard, Plaintiff contends that the jokes and different treatment have lowered Plaintiff's co-workers' opinions of her, created a work environment in which Plaintiff is unable to communicate with her team leader, and caused her to show signs of depression.  The Court concludes that a jury could find that such conduct could affect a reasonable person in Plaintiff's position.

Furthermore, the Court concludes that a jury could find that there was respondeat superior liability.  "An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee."  Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998).  An affirmative defense to such liability exists where (1) the employer exercised reasonable care in preventing or correcting harassing behavior

---

[2]Defendant argues that summary judgment is appropriate because the jokes and harassment were primarily related to Plaintiff's weight and not her gender.  However, the Third Circuit has held that "[t]he intent to discriminate on the basis of sex in cases involving sexual propositions, innuendo, pornographic materials, or sexual derogatory language is implicit, and thus should be recognized as a matter of course.  A more fact intensive analysis will be necessary where the actions are not sexual by their very nature."  Andrews v. City of Philadelphia, 895 F.2d 1469, 1482 n.3 (3d Cir. 1990).  Thus, although Plaintiff alleges harassing behavior related to her weight, the Court concludes that a fact-intensive analysis could reasonably lead a jury to conclude that Defendant has created a hostile work environment.

and (2) the plaintiff failed to take advantage of any available corrective procedures to avoid harm. Id. In this case, Plaintiff was allegedly harassed by her team leader and, thus, her supervisor. Plaintiff brought the allegedly harassing behavior to the attention of higher management and filed a formal complaint with the home office. Defendant allegedly took no action to remedy this behavior and even suggested that Plaintiff remedy the situation by making fun of her team leader in return. On this record, the Court will deny Defendant's Motion For Summary Judgment as it relates to Plaintiff's hostile work environment claim.

    D.    <u>Whether Defendant Is Entitled To Summary Judgment On Plaintiff's Claim For Retaliation</u>

Section 704(a) of Title VII prohibits an employer from retaliating against an employee "because he has opposed any practice made unlawful employment practice by this [subchapter], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this [subchapter]." 42 U.S.C. §2000e-3(a). In order to establish a prima facie case of retaliation, a plaintiff must show "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." <u>Krouse v. Am. Sterilizer Co.</u>, 126 F.3d 494 (3d Cir. 1997).

Reviewing the evidence in the light most favorable to Plaintiff, the Court concludes that a jury could reasonably find for Plaintiff on her retaliation claim. The parties do not dispute that filing a complaint with the EEOC or DDOL is a protected activity. As to the second factor, Defendant contends that the only retaliation Plaintiff is claiming is that her supervisor would not allow Plaintiff to change her hours. Plaintiff, however, contends that her supervisor did not allow her to change her hours and that the harassing comments and jokes intensified after Plaintiff filed her complaints. Finally, Plaintiff has adduced evidence that Defendant's actions took place shortly after the filing of her complaint. Since "temporal proximity between the protected activity and the [alleged retaliation] is sufficient to establish a causal link," the Court concludes that Plaintiff has sufficiently established the third factor of a prima facie case. Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir. 1997). Accordingly, the Court will deny Defendant's Motion For Summary Judgment as it relates to Plaintiff's claim for retaliation.

    E.    <u>Whether Defendant Is Entitled To Summary Judgment On Plaintiff's Claim That Defendant Violated The Equal Pay Act</u>

Claims made under the Equal Pay Act also follow a burden-shifting analysis. Stanziale, 200 F.3d at 107. Once a plaintiff has established a prima facie case, which consists of the same

11

requirements as a prima facie case under Title VII, the burden of persuasion shifts to the defendant to show that one of the statutory affirmative defenses applies. Id. The affirmative defenses include payment made pursuant to "(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex." 29 U.S.C. § 206(d). In order to prevail on summary judgment, the employer must prove one of the affirmative defenses "so clearly that no rational jury could find to the contrary." Delaware Dept. of Health, 865 F.2d at 1414.

Reviewing the evidence presented in the light most favorable to Plaintiff, the Court concludes that a jury could reasonably find for Plaintiff on her Equal Pay Act claim. As discussed above, Plaintiff has established a prima facie case. In response, Defendant has put forth evidence that it bases pay rates on several factors, including position, skills or experience, and performance. However, because Plaintiff has put forth some evidence demonstrating that gender may have been a factor in making decisions on raises, as discussed above, and because Defendant bears the burden of persuasion on this issue, the Court concludes that whether Defendant has clearly demonstrated its affirmative defense is a question for the jury. Accordingly, the Court will deny Defendant's Motion For Summary

12

Judgment as it relates to Plaintiff's Equal Pay Act claim.

V.   CONCLUSION

For the reasons discussed, the Motion For Summary Judgment Of Defendant Wal-Mart Stores, Inc. (D.I. 29) will be denied.

An appropriate Order will be entered.