# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

CASSANDRA JOHNSON                    :
                                     :
            Plaintiff,               :          CIVIL ACTION
                                     :          NO. 04-1450 (JJF)
v.                                   :
                                     :
WAL-MART STORES, INC.,               :
a Delaware corporation               :
                                     :
            Defendant                :
                                     :

## JOINT PROPOSED JURY INSTRUCTIONS

## (NATURE OF THE CASE)

In this case, Plaintiff Cassandra Johnson ("Ms. Johnson") claims that Defendant Wal-Mart Stores, Inc. d/b/a Sam's Club ("SAM'S") discriminated against her on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e and the Equal Pay Act. SAM'S denies that Ms. Johnson was discriminated against in any way and maintains that any actions with respect to Ms. Johnson were taken for legitimate, non-discriminatory reasons unrelated to her sex.

Granted    _____

Denied_____

Modified    _____

## (PRELIMINARY INSTRUCTIONS--EVIDENCE)

The evidence from which you are to find the facts consists of the following:

1.  The testimony of the witnesses;

2.  Documents and other things received as exhibits;

3.  Any facts that are stipulated--that is, formally agreed to by the parties; and

4.  Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1.  Statements, arguments, and questions of the lawyers for the parties in this case;

2.  Objections by lawyers.

3.  Any testimony I have told you to disregard; and

4.  Anything you may have seen or heard about this case outside the courtroom.

You must make your decision based only on the evidence that you have seen and heard in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the

lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection was made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection was sustained, ignore the question. If it was overruled, treat the answer like any other. If you were instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may have been ordered struck from the record and you would have been instructed to disregard this evidence. Do not consider any testimony or other evidence that was struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

Authority:     See United States Court of Appeals for the Third Circuit - Model Civil Jury
               Instructions 1.5 at
               http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm.


Granted        _____

Denied_____

Modified       _____

## (PRELIMINARY INSTRUCTIONS--DIRECT AND CIRCUMSTANTIAL EVIDENCE)

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that were presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

Authority:    See United States Court of Appeals for the Third Circuit - Model Civil Jury
Instructions 1.6 at
http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm.


Granted         _____

Denied_____

Modified        _____

## (PRELIMINARY INSTRUCTIONS--CREDIBILITY OF WITNESSES)

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1)    the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2)    the quality of the witness's understanding and memory;

(3)    the witness's manner while testifying;

(4)    whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5)    whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6)    how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7)    any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

Authority:    See United States Court of Appeals for the Third Circuit - Model Civil Jury Instructions 1.7 at http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm.

Granted        _____

Denied_____

Modified        _____

**(PRELIMINARY INSTRUCTIONS--PREPONDERANCE OF THE EVIDENCE)**

This is a civil case. Ms. Johnson is the party who brought this lawsuit. SAM'S is the party against whom the lawsuit was filed. Ms. Johnson has the burden of proving her case by what is called the preponderance of the evidence. That means Ms. Johnson has to prove to you, in light of all the evidence, that what she claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Ms. Johnson and the evidence favorable to SAM'S on opposite sides of the scales, Ms. Johnson would have to make the scales tip somewhat on her side. If Ms. Johnson has failed to meet this burden, the verdict must be for SAM'S. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

Authority:    See United States Court of Appeals for the Third Circuit - Model Civil Jury
              Instructions 1.10 at
              http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm.


Granted        _____

Denied_____

Modified       _____

## (CORPORATIONS AND THEIR AGENTS)

SAM'S is a corporation. A corporation is considered a person within the meaning of the law. As an artificial person, a corporation can only act through its servants, agents, or employees.

The fact that a party is a corporation should not affect your decision in any way. All persons, whether corporate or human, appear equally in a court of law and are entitled to the same equal consideration.

Authority:    See Delaware Superior Court--Pattern Jury Instructions at
              http://www.courts.delaware.gov/

Granted        _____

Denied_____

Modified       _____

## (TITLE VII INTRODUCTORY INSTRUCTION)

In this case Ms. Johnson makes a claim under a Federal Civil Rights statute that prohibits employers from discriminating against an employee in the terms and conditions of employment because of the employee's race, color, religion, sex, or national origin.

More specifically, Ms. Johnson claims that she was discriminated against by SAM'S because of her sex. SAM'S denies that Ms. Johnson was discriminated against in any way and maintains that any actions with respect to Ms. Johnson were taken for legitimate, non-discriminatory reasons unrelated to her sex.

Authority:    See United States Court of Appeals for the Third Circuit - Model Civil Jury Instructions 5.0 at http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm.

Granted          _____

Denied_____

Modified          _____

## (HARASSMENT (DISCRIMINATION OR RETALIATION) —
## HOSTILE WORK ENVIRONMENT—NO ADVERSE EMPLOYMENT ACTION)

Ms. Johnson claims that she was subjected to harassment by her supervisor, Mr. Revis, as well as other supervisors and co-workers at SAM's and that this harassment was motivated by Ms. Johnson's sex and/or was in retaliation for her complaint of discrimination to the Delaware Department of Labor and the Equal Employment Opportunity Commission.

SAM'S is liable for the actions of Mr. Revis and its other employees in Ms. Johnson's claim of harassment if Ms. Johnson proves all of the following elements by a preponderance of the evidence:

First:  Ms. Johnson was subjected to offensive acts or statements by or from Mr. Revis and other employees of SAM'S because of her gender.

Second:  Mr. Revis' conduct was not welcomed by Ms. Johnson.

Third:  Mr. Revis' and the other employees' conduct was motivated by the fact that Ms. Johnson is a female and/or Ms. Johnson was subjected to retaliation and harassment because of her complaint to the DDOL and EEOC.

Fourth:  The conduct was so severe or pervasive that a reasonable person in Ms. Johnson's position would find her work environment to be hostile or abusive.  This element requires you to look at the evidence from the point of view of a reasonable woman's reaction to Ms. Johnson's work environment.

Fifth:  Ms. Johnson believed her work environment to be hostile or abusive as a result of Mr. Revis' and the other employees' conduct.

Sixth: Management level employees knew, or should have known, of the abusive conduct. Management level employees should have known of the abusive conduct if (1) an employee provided management level personnel with enough information to raise a probability of sexual harassment in the mind of a reasonable employer, or if (2) the harassment was so pervasive and open that a reasonable employer would have had to have been aware of it.

If any of the above elements has not been proved by a preponderance of the evidence, your verdict must be for SAM'S and you need not proceed further in considering this claim. If you find that the elements have been proved, then you must consider SAM'S affirmative defense. I will instruct you now on the elements of that affirmative defense.

You must find for SAM'S if you find that SAM'S has proved both of the following elements by a preponderance of the evidence:

First: SAM'S exercised reasonable care to prevent harassment in the workplace on the basis of gender and/or complaints of discrimination, and also exercised reasonable care to promptly correct any harassing behavior that does occur.

Second: Ms. Johnson unreasonably failed to take advantage of any preventive or corrective opportunities provided by SAM'S.

Proof of the four following facts will be enough to establish the first element that I just referred to, concerning prevention and correction of harassment:

1. SAM'S had established an explicit policy against harassment in the workplace on the basis of gender and/or complaints of discrimination.

2. That policy was fully communicated to its employees.

3. That policy provided a reasonable way for Ms. Johnson to make a claim of harassment to higher management.

4. Reasonable steps were taken to correct the problem, if raised by Ms. Johnson.

On the other hand, proof that Ms. Johnson did not follow a reasonable complaint procedure provided by SAM'S will ordinarily be enough to establish that Ms. Johnson unreasonably failed to take advantage of a corrective opportunity.


Authority:    See United States Court of Appeals for the Third Circuit - Model Civil Jury Instructions 5.1.5 http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm.


Granted    _____

Denied_____

Modified    _____

## (ELEMENTS OF A TITLE VII CLAIM — RETALIATION)

Ms. Johnson claims that SAM'S discriminated against her because of her complaint to the DDOL and the EEOC. To prevail on this claim, Ms. Johnson must prove all of the following by a preponderance of the evidence:

First: Ms. Johnson filed a charge of discrimination with the DDOL and EEOC.

Second: Ms. Johnson was subjected to a materially adverse employment action at the time, or after, the protected conduct took place, *i.e.* after she filed a charge of discrimination.

Third: There was a causal connection between the adverse employment action and Ms. Johnson's complaint to the DDOL and EEOC, *i.e.* that Ms. Johnson was subjected to an adverse employment action because she filed a charge of discrimination.

Concerning the first element, Ms. Johnson need not prove the merits of her complaint of discrimination, but only that she was acting under a good faith belief that her right to be free from discrimination on the basis of sex was violated.

Concerning the second element, a materially adverse employment action is defined as an action that might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

Concerning the third element, that of causal connection, that connection may be shown in many ways. For example, you may or may not find that there is a sufficient connection through timing, that is SAM'S' action followed shortly after it became aware of Ms. Johnson's complaint. Causation is, however, not necessarily ruled out by a more extended passage of time. Causation may or may not be proven by antagonism shown toward Ms. Johnson or a change in demeanor toward her.

Ultimately, you must decide whether Ms. Johnson's complaint had a determinative effect on SAM'S' decision to treat her the way that it did. "Determinative effect" means that if not for Ms. Johnson's complaint, the alleged discriminatory conduct would not have occurred.

**[NOTE: The language of this instruction has been modified to comport with the United States Supreme Court's recent ruling in <u>Burlington Northern and Santa Fe Railway Company v. White</u>, 2006 U.S. LEXIS 4895.]**

Authority:     <u>See</u> United States Court of Appeals for the Third Circuit - Model Civil Jury Instructions 5.1.7 at <u>http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm.</u>

Granted          _____

Denied_____

Modified         _____

## (HOSTILE OR ABUSIVE WORK ENVIRONMENT)

In determining whether a work environment is "hostile" you must look at all of the circumstances, which may include:

> • The total physical environment of Ms. Johnson's work area.
>
> • The degree and type of language and insult that filled the environment before and after Ms. Johnson arrived.
>
> • The reasonable expectations of Ms. Johnson upon entering the environment.
>
> • The frequency of the offensive conduct.
>
> • The severity of the conduct.
>
> • The effect of the working environment on Ms. Johnson's mental and emotional well-being.
>
> • Whether the conduct was unwelcome, that is, conduct Ms. Johnson regarded as unwanted or unpleasant.
>
> • Whether the conduct was pervasive.
>
> • Whether the conduct was directed toward Ms. Johnson.
>
> • Whether the conduct was physically threatening or humiliating.
>
> • Whether the conduct was merely a tasteless remark.
>
> • Whether the conduct unreasonably interfered with Ms. Johnson's work performance.

Conduct that amounts only to ordinary socializing in the workplace, such as occasional horseplay, occasional use of abusive language, tasteless jokes, and occasional teasing, does not constitute an abusive or hostile work environment. A hostile work environment can be found only if there is extreme conduct amounting to a material change in the terms and conditions of employment. Moreover, isolated incidents, unless extremely serious, will not amount to a hostile work environment.

It is not enough that the work environment was generally harsh, unfriendly, unpleasant, crude or vulgar to all employees. In order to find a hostile work environment, you

must find that Ms. Johnson was harassed because of her sex. The harassing conduct may, but need not be sexual in nature. Rather, its defining characteristic is that the harassment complained of is linked to the victim's sex. The key question is whether Ms. Johnson, as a female, was subjected to harsh employment conditions to which males were not.

It is important to understand that, in determining whether a hostile work environment existed at SAM'S, you must consider the evidence from the perspective of a reasonable female in the same position. That is, you must determine whether a reasonable female would have been offended or harmed by the conduct in question. You must evaluate the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological or emotional well-being of a reasonable female. The reasonable female is simply one of normal sensitivity and emotional make-up.

Authority:    See United States Court of Appeals for the Third Circuit - Model Civil Jury Instructions 5.2.1 at http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm.

Granted        _____

Denied_____

Modified      _____

## (PAY CLAIMS - INTRODUCTORY INSTRUCTION)

In this case Ms. Johnson has disputed her rate of pay under two different statutes. The first is Title VII, a Federal Civil Rights statute that prohibits employers from discriminating against an employee in the terms and conditions of employment because of, among other things, the employee's sex. The second is the Equal Pay Act, which prohibits an employer from paying women less than men for jobs that require substantially equal work. The instructions that follow explain the proof required under each of these statutes.

Granted        _____

Denied         _____

Modified       _____

## (DISPARATE TREATMENT)

In this case Ms. Johnson is alleging that she was treated less favorably than her male co-workers in that [**she was singled out for derogatory comments and**][i] she was paid less than her male co-workers in the tire department. In order for Ms. Johnson to recover on this discrimination claim against SAM'S, Ms. Johnson must prove that SAM'S intentionally discriminated against her. This means that Ms. Johnson must prove that her sex was a determinative factor in SAM'S' decision to treat her in the way that it did.

To prevail on this claim, Ms. Johnson must prove both of the following by a preponderance of the evidence:

First: SAM'S treated Ms. Johnson less favorably than her male co-workers in the tire department; and

Second: Ms. Johnson's sex was a determinative factor in SAM'S' decisions.

Although Ms. Johnson must prove that SAM'S acted with the intent to discriminate, Ms. Johnson is not required to prove that SAM'S acted with the particular intent to violate Ms. Johnson's federal civil rights. Moreover, Ms. Johnson is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

SAM'S has given a nondiscriminatory reason for treating Ms. Johnson in the manner that it did. If you disbelieve SAM'S' explanations for its conduct, then you may, but need not, find that Ms. Johnson has proved intentional discrimination. In determining whether

---

[i]    Plaintiff proposes the insertion of this bolded/bracketed language, while Wal-Mart objects to its insertion.

SAM'S' stated reason for its actions was a pretext, or excuse, for discrimination, you may not question SAM'S' business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of SAM'S or believe it is harsh or unreasonable. You are not to consider SAM'S' wisdom. However, you may consider whether SAM'S' reason is merely a cover-up for discrimination.

Ultimately, you must decide whether Ms. Johnson has proven that her sex had a determinative effect in the action about which Ms. Johnson complains. "Determinative effect" means that if not for Ms. Johnson's sex, SAM'S would not have treated Ms. Johnson in the way that it did.

Authority:    See United States Court of Appeals for the Third Circuit - Model Civil Jury Instructions 5.1.2 at http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm.

Granted        _____

Denied         _____

Modified       _____

## (EQUAL PAY ACT INTRODUCTORY INSTRUCTION)

In this case the Ms. Johnson has made a claim under the Equal Pay Act, a statute that prohibits an employer from paying women less than men for jobs that require substantially equal work. Specifically, Ms. Johnson claims that she was paid less than male employees even though she performed substantially equal work.

SAM'S claims that Ms. Johnson's job was not substantially equal to the jobs performed by the male employees. Further, SAM'S claims that any difference in pay was attributable to factors other than sex. I will now instruct you more fully on the issues you must address in this case.

Authority:     See United States Court of Appeals for the Third Circuit - Model Civil Jury Instructions 11.0 at http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm.

Granted        _____

Denied_____

Modified       _____

## (BASIC ELEMENTS OF AN EQUAL PAY ACT CLAIM)

For Ms. Johnson to prevail on her claim against SAM'S for violation of the Equal Pay Act, Ms. Johnson must prove all of the following elements by a preponderance of the evidence:

First: SAM'S has employed Ms. Johnson and male employees in jobs requiring substantially equal skill, effort and responsibility;

Second: the two jobs are performed under similar working conditions; and

Third: Ms. Johnson was paid a lower wage than the male employees doing substantially equal work.

I will now give you further instructions on these three elements. When evaluating whether Ms. Johnson has established these three elements, you must keep in mind that Ms. Johnson does not have to prove that SAM'S meant to discriminate against Ms. Johnson because she was female. In other words, Ms. Johnson does not have to prove intent to discriminate.

In determining whether Ms. Johnson's job required substantially equal skill, effort, and responsibility as that of the male employees, you must compare the jobs and not the individual employees holding those jobs. It is not necessary that the two jobs be identical; the Equal Pay Act requires proof that the performance of the two jobs demands "substantially equal" skill, effort and responsibility. Insignificant, insubstantial, or trivial differences do not matter and may be disregarded. Job classifications, descriptions, or titles are not controlling. It is the actual work or performance requirements of the two jobs that is important.

In evaluating whether the performance requirements of the two jobs are substantially equal, you must consider the "skill", "effort" and "responsibility" required for these jobs. I will now tell you what is meant by these terms, "skill", "effort" and "responsibility."

*Skill:*

In deciding whether the jobs require substantially equal "skill" you should consider such factors as the level of education, experience, training and ability necessary to meet the performance requirements of the respective jobs. Jobs may require "equal skill" even if one job does not require workers to use these skills as often as another job. Remember also that you are to compare the jobs, not the employees. So the fact that a male employee has a qualification that Ms. Johnson does not is relevant only if the particular qualification is necessary or useful for performing the job.

*Effort:*

In deciding whether the jobs require substantially equal "effort" you should consider the mental, physical and emotional requirements for performing the job. Duties that result in mental or physical fatigue or emotional stress, as well as factors that alleviate fatigue and stress, should be weighed together in assessing the relative effort involved. "Equal effort" does not require people to use effort in exactly the same way. If there is no substantial difference in the amount or degree of effort to do the jobs, they require "equal effort." However, if the job of the male employees requires additional tasks that consume a significant amount of extra time and effort that would not be expected of Ms. Johnson, then the jobs do not require substantially equal effort.

*Responsibility:*

In deciding whether the jobs involve substantially equal "responsibility," you should consider the degree of accountability expected by the employer for a person filling the jobs, as well as the amount of preparation required to perform the job duties. You should also take into account such things as the level of authority delegated to Ms. Johnson as compared to the male employees, including whether Ms. Johnson and the male employees were equally expected to direct the work of others, or to represent SAM'S in dealing with customers or suppliers. Finally, you should consider the consequences to the employer of effective performance in the respective jobs.

You should note that "skill," "effort" and "responsibility" constitute separate tests, each of which must be met in order for the equal pay requirement to apply.

*Similar Working Conditions:*

With respect to the second element of Ms. Johnson's claim, you must find that the jobs are performed under similar working conditions. The conditions need only be similar; they need not be identical. In deciding whether the working conditions of the two jobs are similar, you should consider the surroundings or the environment in which the work is performed — including any hazards or risks, travel, and weather — to which the respective employees may be exposed. I instruct you, however, that time of day is not relevant to determining whether working conditions are similar. For example, it is not relevant that some employees work the day shift and some the night shift.

*Wage comparison:*

With respect to the third element of Ms. Johnson's claim, she must prove that she was paid a lower wage than male employees doing substantially equal work. In determining the respective levels of pay, you are to consider all forms of compensation, whether called wages, salary, profit sharing, expense account, use of company car, gasoline allowance, or some other name. Fringe benefits are also included in the comparison of wages under the Equal Pay Act, as are vacation and holiday pay and overtime pay.

Authority:    See United States Court of Appeals for the Third Circuit - Model Civil Jury Instructions 11.1.1 at http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm.

Granted          _____

Denied_____

Modified        _____

## (EQUAL PAY ACT DEFENSES – FACTOR OTHER THAN SEX)

If you find that Ms. Johnson has proved each of the elements that she must establish in support of her claim under the Equal Pay Act, you must then consider SAM'S' defense. SAM'S contends that the difference in pay between the two jobs was the result of a factor other than sex. Specifically, SAM'S claims that the difference in pay is attributable to differences in the nature of the positions, *i.e.* the duties and responsibilities of the different positions of tire cashier and tire technician, the individual skills that the associate brings to the job through prior experience, and performance. To establish this defense, SAM'S must prove that Ms. Johnson's sex played no part in the difference in wages.

Ms. Johnson contends that SAM'S' explanation for the difference in pay is only a pretext, or excuse, for paying higher wages to men for equal work. Remember that Ms. Johnson does not have to prove that SAM'S intended to discriminate. However, evidence of intent to discriminate may be considered in determining whether SAM'S' explanation is valid or instead is a cover-up for paying higher wages to men for equal work.

If you find that SAM'S has proved by a preponderance of the evidence that the difference in pay was the result of differences in the nature of the tire cashier and tire technician positions, the individual skills that the associate brings to the job through prior experience, and performance, your verdict must be for SAM'S. However, if you determine that SAM'S has failed to prove that the difference in pay was caused by a factor other than sex, you must decide in favor of Ms. Johnson.

Authority:    <u>See</u> United States Court of Appeals for the Third Circuit - Model Civil Jury Instructions 11.2.4 at
http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm.

Granted      _____

Denied_____

Modified      _____

## (COMPENSATORY DAMAGES — GENERAL INSTRUCTIONS)

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not SAM'S should be held liable.

If you find by a preponderance of the evidence that SAM'S intentionally discriminated against Ms. Johnson by harassment and retaliation, then you must consider the issue of compensatory damages. You must award Ms. Johnson an amount that will fairly compensate her for any injury she actually sustained as a result of SAM'S's conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Ms. Johnson in the position she would have occupied if the discrimination had not occurred. Ms. Johnson has the burden of proving damages by a preponderance of the evidence.

Ms. Johnson must show that the injury would not have occurred without SAM'S' discriminatory actions. Ms. Johnson must also show that SAM'S' actions played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of SAM'S' actions. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether SAM'S' actions were motivated by discrimination. In other words, even assuming that SAM'S' actions were motivated by discrimination, Ms. Johnson is not entitled to damages for an injury unless SAM'S' discriminatory actions actually played a substantial part in bringing about that injury.

There can be more than one cause of an injury. To find that SAM'S' actions caused Ms. Johnson's injury, you need not find that SAM'S' act was the nearest cause, either in time or space. However, if Ms. Johnson's injury was caused by a later, independent event that

intervened between SAM'S' actions and Ms. Johnson's injury, SAM'S is not liable unless the injury was reasonably foreseeable by SAM'S.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Ms. Johnson experienced as a consequence of SAM'S's allegedly unlawful actions. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Ms. Johnson would have earned in the past. This element of recovery of wages that Ms. Johnson would have received from SAM'S is called "back pay." "Back pay" is to be awarded separately under instructions that I will soon give you, and any amounts for "back pay" is to be entered separately on the verdict form.

You may award damages for monetary losses that Ms. Johnson may suffer in the future as a result of SAM'S' allegedly unlawful actions. For example, you may award damages for loss of earnings resulting from any harm to Ms. Johnson's reputation that was suffered as a result of the conduct about which Ms. Johnson complains.

As I instructed you previously, Ms. Johnson has the burden of proving damages by a preponderance of the evidence. But the law does not require that she prove the amount of

her losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

Authority:    See United States Court of Appeals for the Third Circuit - Model Civil Jury Instructions 5.4.1 at http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm.

Granted          _____

Denied_____

Modified         _____

## (BACK PAY)

If you find that SAM's intentionally discriminated against plaintiff by paying her less than her male co-workers based on her sex, then you must determine the amount of damages that SAM's actions have caused plaintiff. Plaintiff has the burden of proving damages by the preponderance of the evidence.

You may award as actual damages an amount that reasonably compensates plaintiff for any lost wages, taking into consideration any increase in her rate of pay, that plaintiff would have received from SAM's had plaintiff not been the subject of intentional discrimination.

Back pay damages, if any, apply from the time that you find SAM's discriminated against plaintiff by paying her less than her male co-workers until SAM's promoted plaintiff on July 22, 2006. However, federal law limits a plaintiff's recovery for back pay to a maximum of a two-year period before she filed her charge of discrimination with the Equal Employment Opportunity Commission. Therefore, the back pay award in this case must be determined only between November 18, 2001 and July 22, 2006.

You are further instructed that plaintiff has a duty to mitigate her damages -- that is plaintiff is required to make reasonable efforts to reduce her damages. It is SAM's burden to prove that plaintiff failed to mitigate. So if SAM's persuades you, by a preponderance of the evidence, that plaintiff failed to obtain substantially equivalent job opportunities that were available to her, you must reduce the award of damages by the amount of the wages that plaintiff reasonably would have earned if she obtained those opportunities.

## (PUNITIVE DAMAGES)

Ms. Johnson claims the acts of SAM'S were done with malice or reckless indifference to her federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.

However, punitive damages cannot be imposed on an employer where its employees acted contrary to the employer's own good faith efforts to comply with the law by implementing policies and procedures designed to prevent unlawful discrimination in the workplace.

**Following the above paragraphs, SAM'S proposes the following instruction on punitive damages:**

I instruct you as a matter of law that the evidence in this case is insufficient to permit an award of punitive damages. Thus, you may not award any damages against SAM'S as punishment.

**In the alternative, if the Court does not give this instruction, the parties propose the following instruction be given:**

An award of punitive damages is therefore permissible in this case only if you find by a preponderance of the evidence that a management official of SAM'S personally acted with malice or reckless indifference to Ms. Johnson's federally protected rights. An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.

But even if you make a finding that there has been an act of discrimination with malice or reckless disregard of Ms. Johnson's federal rights, you cannot award punitive damages

if SAM'S proves by a preponderance of the evidence that it made a good-faith attempt to comply with the law, by adopting policies and procedures designed to prevent unlawful discrimination such as that suffered by Ms. Johnson.

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied and that SAM'S has not proved that it made a good-faith attempt to comply with the law, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion.

If you have found the elements permitting punitive damages, as discussed in this instruction, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or reckless disregard of federal rights, or to deter a defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish SAM'S. You should also consider whether actual damages standing alone are sufficient to deter or prevent SAM'S from again performing any wrongful acts it may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter others from performing wrongful acts similar to those SAM'S may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which SAM'S should be punished for its wrongful conduct, and the degree to which an award of one sum or another will deter SAM'S or others from committing similar wrongful acts in the future.

The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon the defendant's financial resources. Therefore, if you find that punitive damages should be awarded against SAM'S, you may consider the financial resources of SAM'S in fixing the amount of such damages.

Authority:    See United States Court of Appeals for the Third Circuit - Model Civil Jury Instructions 5.4.2 at http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm.

Granted         _____

Denied_____

Modified         _____

## (EQUAL PAY ACT DAMAGES — BACK PAY — WILLFUL VIOLATIONS)

If you find that Ms. Johnson has proved by a preponderance of the evidence that she was paid less than her male co-workers in the tire department for performing substantially equal work, and if you find that SAM'S has failed to show that the wage differential was based on a permissible factor on which I previously instructed you, then you must award damages. Ms. Johnson has the burden of proving the amount of those damages by a preponderance of the evidence.

In this case, Ms. Johnson alleges that SAM'S willfully violated the Equal Pay Act. If Ms. Johnson proves to you by a preponderance of the evidence that SAM'S' violation of the Equal Pay Act was willful, then this will have an effect on the damages that you must award. I will explain this effect in a minute, but first I will provide you more information on what it means to be a "willful" violation.

You must find SAM'S' violation of the Equal Pay Act to be willful if Ms. Johnson proves by a preponderance of the evidence that SAM'S knew or showed reckless disregard for whether Ms. Johnson's underpayment was prohibited by the law. To establish willfulness it is not enough to show that SAM'S acted negligently. If you find that SAM'S did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard for whether its conduct was prohibited by the law, then SAM'S' conduct was not willful.

If you find that SAM'S' violation was willful, then you must award Ms. Johnson the amount of damages that compensates her for the difference between what she was paid and the average amount of what Ms. Johnson's male co-workers in the tire department were paid during the period starting November 15, 2001 through the date that SAM'S promoted Ms.

Johnson, which was July 22, 2006. However, if you find that SAM'S' violation of the Equal Pay

Act was not willful, then you must award Ms. Johnson the difference between what she was paid

and the average amount of what Ms. Johnson's male co-workers in the tire department were paid

during the period starting November 15, 2002 through the date that SAM'S promoted Ms.

Johnson, which was July 22, 2006. In other words, Ms. Johnson is entitled to damages for an

extra year if she proves that SAM'S' violation was willful.

        In assessing damages, you must not consider attorneys' fees or the costs of

litigating this case. Attorneys' fees and costs, if relevant at all, are for the court and not the jury

to determine. Therefore, attorneys' fees and costs should play no part in your calculation of any

damages.

Authority:    See United States Court of Appeals for the Third Circuit - Model Civil Jury
Instructions 11.3.3 at
http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm.

Granted      _____

Denied     ._____

Modified    _____

## (DELIBERATIONS)

When you retire to the jury room to deliberate, you may take with you these instructions and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your

honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

Authority:     See United States Court of Appeals for the Third Circuit - Model Civil Jury
Instructions 3.1 a http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm.


Granted          _____

Denied_____

Modified         _____